UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEVIN FENNICK,

                            Plaintiff,

v.                                                  3:13-CV-0085
                                                      (GTS/DEP)

NYCM, New York Cent. Mut. Fire Ins. Co.;
NYCM Ins. Co.; and NYCM Ins. Co.,

                            Defendants.
_____

APPEARANCES:                                          OF COUNSEL:

KEVIN FENNICK
  Plaintiff, *Pro Se*
P.O. Box 170753
Boston, Massachusetts 02116

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this civil rights action filed by Kevin Fennick ("Plaintiff") against the three above-captioned insurance companies ("Defendants"), are (1) United States Magistrate Judge David E. Peebles' Report-Recommendation recommending this action be *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless Plaintiff files an Amended Complaint correcting the pleading defects in the Complaint, and (2) Plaintiff's motion to transfer this action to Suffolk County Superior Court in Boston, Massachusetts. (Dkt. Nos. 18, 24.) For the following reasons, Magistrate Judge Peebles' Report-Recommendation is accepted and adopted in its entirety, and Plaintiff's motion to transfer is denied.

Generally, in his Complaint, Plaintiff asserts claims of discrimination and insurance fraud arising from a motor vehicle accident regarding which Defendant found him at fault. (Dkt. No. 2.) On May 17, 2013, Magistrate Judge Peebles issued a Report-Recommendation recommending that this action be *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), unless, within thirty days of the final Order adopting the Report-Recommendation, Plaintiff submits an Amended Complaint correcting the pleading defects in the Complaint (as identified in the Report-Recommendation). (Dkt. No. 18.) Despite having received a 60-day extension of the deadline in which to do so, Plaintiff has not filed an Objection to the Report-Recommendation, and the time in which to do so has expired. (*See generally* Docket Sheet.) Rather, on July 11, 2013, Plaintiff filed a letter-motion requesting an Order transferring this action to the Suffolk County Superior Court in Boston, Massachusetts. (Dkt. No. 24.)

When no specific objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a clear-error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.[1] Here, after carefully reviewing the file in this action, the Court can find no clear error in the Report-Recommendation of Magistrate Judge Peebles' Report-Recommendation. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. (Dkt. No. 18.)

---

[1] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

As for Plaintiff's motion to transfer this action to Suffolk County Superior Court in Boston, Massachusetts, that motion is denied on each of the following four alternative grounds: (1) failing to specify the rule or statute upon which the motion is based, in violation of Local Rule 7.1(a)(1);[2] (2) failing to state with particularity the grounds for seeking the transfer, in violation of Fed. R. Civ. P. 7(b)(1)(B); (3) failing to support the motion with a memorandum of law, in violation of Local Rule 7.1(a)(1); and (4) failing to support the motion with an affidavit, in violation of Local Rule 7.1(a)(2).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 18) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that this action shall be *sua sponte* **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B), without further Order of this Court, unless, within **THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff files an Amended Complaint that complies Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 18); and it is further

**ORDERED** that, in the event that Plaintiff submits an Amended Complaint within thirty (30) days of the date of this Decision and Order, the Clerk of the Court is directed to return the file to the Magistrate Judge for further review; and it is further

---

[2] The Court notes that, under the circumstances, a transfer of this case to a Massachusetts state court is not authorized by 28 U.S.C. §§ 1404, 1406 or 1441. *See Subway Intern. B.V. v. Cere*, 10-CV-1713, 2011 WL 3511462, at *2-3 (D. Conn. Aug. 11, 2011).

**ORDERED** that Plaintiff's motion to transfer this action to Suffolk County Superior Court in Boston, Massachusetts (Dkt. No. 24) is **DENIED**.[3]

Dated: September 20, 2013
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge

---

[3] Out of special solicitude to Plaintiff as a *pro se* civil rights litigant, he is advised that, should be wish to do so within the next thirty days, he is free to voluntarily discontinue this action without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) by filing a Notice of Dismissal, and then *attempt* to file this action (in some form) in the Suffolk County Superior Court in Boston, Massachusetts.