IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

KEVIN FENNICK,

        Plaintiff,                           Civil Action No.
                                                 3:13-CV-0085 (GTS/DEP)

   v.

NYCM: New York Central Mutual Fire
Insurance Company, *et al.,*

        Defendants.

_____

APPEARANCES:                                   OF COUNSEL:

FOR PLAINTIFF:

KEVIN FENNICK, *Pro Se*
P.O. Box 170753
Boston, MA 02116

FOR DEFENDANTS:

[NONE]


DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

    Plaintiff Kevin Fennick, a citizen of Massachusetts, commenced this action in December 2012 in the Southern District of New against NYCM: New York Central Mutual Fire Insurance Company, NYCM Insurance

Company, and NYCM Insurance Co. (collectively "NYCM"), asserting diversity of citizenship as the basis for that court's jurisdiction pursuant to 28 U.S.C. § 1332. *See generally* Dkt. No. 2. Plaintiff's claims in the matter arise from a motor vehicle accident occurring in or about October 2012. *Id.* at 5-6. The action was subsequently transferred to this court on January 18, 2013. Dkt. No. 4.

Following the transfer of the case into this district, plaintiff's complaint and accompanying application for leave to proceed *in forma pauperis* ("IFP") were forwarded to me for review. As a result of that review I issued a report, recommendation, and order on May 17, 2013, granting plaintiff's IFP application, denying subsequent motions by plaintiff for leave to amend, and recommending that his complaint be dismissed, with leave to replead. Dkt. No. 18. On September 20, 2013, District Judge Glenn T. Suddaby issued a decision and order adopting my recommendation and ordering that the action be dismissed without further order of the court unless, within thirty days of the date of the decision, plaintiff filed an amended complaint complying with my report and recommendation. Dkt. No. 25. In that order, Judge Suddaby directed that, in the event plaintiff submitted an amended complaint within thirty days, the matter be returned to me for further review. *Id.* at 3.

On September 26, 2013, plaintiff filed a document entitled "Emergency Motion to Amend Commerce Insurance & Transfer the Defendants for the Commonwealth of Massachusetts to the Criminal Court in New York for the Dismissal Of NYCM Insurance Company and Jose Batista Remove Cases From OnLine Internet." Dkt. No. 29. In that document, which, in significant part, is unintelligible, plaintiff complains of the fact that the action has been made public, claiming that absent a signed permission "[o]nly criminal convictions are consistent with for the public view."[1] *Id.* at ¶ 1. Plaintiff's submission also references alleged criminal violations including insurance fraud. *Id.* at ¶ 3.

Based upon a careful review of this submission, I find that it neither constitutes an amended complaint nor cures the deficiencies identified in my report and recommendation dated May 17, 2013. Accordingly, it is hereby respectfully,

RECOMMENDED that an order be issued directing the clerk to dismiss plaintiff's complaint in this action, without leave to replead.

---

[1] Plaintiff is mistaken in this regard. Absent an order sealing a judicial document based on the a finding that privacy interests outweigh the First Amendment right of public access to such documents, complaints and other court filings remain publically available. *See Lugosh v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) ("The common law right of public access to judicial documents is firmly rooted in our nation's history."). Applications for orders sealing judicial documents are governed in this district by rule 83.13 of the local rules of practice for this court. N.D.N.Y. L.R. 83.13. When this action was filed, plaintiff made no application for a sealing order.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.   Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:     October 22, 2013
           Syracuse, New York

_David E. Peebles_
David E. Peebles
U.S. Magistrate Judge