UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEVIN FENNICK,

                              Plaintiff,

v.                                                 3:13-CV-0085
                                                 (GTS/DEP)

NYCM, New York Cent. Mut. Fire Ins. Co.;
NCYM Ins. Co.; and NYCM Ins. Co.,

                              Defendants.
_____

APPEARANCES:                                         OF COUNSEL:

KEVIN FENNICK
  Plaintiff, *Pro Se*
P.O. Box 170753
Boston, Massachusetts  02116

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this civil rights action filed by Kevin Fennick ("Plaintiff") against the three above-captioned insurance companies ("Defendants") is United States Magistrate Judge David E. Peebles' Report-Recommendation recommending that this action be *sua sponte* dismissed  pursuant to 28 U.S.C. § 1915(e)(2)(B), without leave to replead, due to Plaintiff's failure to submit an Amended Complaint curing the pleading deficiencies identified by Magistrate Judge Peebles in his Report-Recommendation of May 17, 2013.  (Dkt. No. 32.) For the reasons set forth below, Magistrate Judge Peebles' Report-Recommendation is accepted and adopted in its entirety, and Plaintiff's Complaint is dismissed without leave to replead

## I. RELEVANT PROCEDURAL BACKGROUND

The time period by which to file an objection to Magistrate Judge Peebles' Report-Recommendation expired on November 8, 2013, and Plaintiff failed to file an objection by that time period. *See* Fed. R. Civ. P. 72(b)(2); N.D.N.Y. L.R. 72.1(c); Fed. R. Civ. P. 6(a)(1)(C); Fed. R. Civ. P. 6(d). (*See also generally* Docket Sheet.) However, thirteen days after the expiration of the deadline, on November 21, 2013, Plaintiff filed a submission entitled, "Motion for Extension and to Amend in Compliance [with] the Rules of Federal Court." (Dkt. Nos. 33.) Moreover, four days later, on November 25, 2013, Plaintiff filed eight pages of exhibits to his prior motion. (Dkt. No. 34.) Out of special solicitude to Plaintiff, the Court will construe Plaintiff's two submissions as including a request for leave to file a belated objection, and will grant that request.

## II. STANDARD GOVERNING REVIEW OF A REPORT-RECOMMENDATION

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance.[3]

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[4] Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects

---

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[3] *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted).

[4] *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

3

that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[5] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[6]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. SUMMARY OF PLAINTIFF'S OBJECTION

Generally, in his Objection, Plaintiff fails to specifically challenge any finding or conclusion in Magistrate Judge Peebles' Report-Recommendation. (*Compare* Dkt. No. 18 *and* Dkt. No. 32 *with* Dkt. No. 33.) Rather, Plaintiff attempts to change the record presented to Magistrate Judge Peebles by attaching certain exhibits and requesting leave to file an Amended Complaint. (Dkt. Nos. 33, 34.)

---

[5] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[6] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

## IV. ANALYSIS

Based upon a careful review of this matter, the Court can find no error with Magistrate Judge Peebles' Report-Recommendation, clear or otherwise. (Dkt. No. 32.) Magistrate Judge Peebles employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id*.) As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. (*Id*.) The Court would add only three points.

First, implicit in the Court's ruling is a finding that Plaintiff's "Emergency Motion to Amend" of September 26, 2013 (Dkt. No. 29), does not contain an Amended Complaint that corrects the pleading deficiencies identified by Magistrate Judge Peebles on May 17, 2013 (Dkt. No. 18). Nor is Plaintiff's motion even necessary, given that leave to file an Amended Complaint was granted on September 20, 2013. (Dkt. No. 25.) What was necessary was an Amended Complaint, which (again) Plaintiff failed to submit. As a result, Plaintiff's "Emergency Motion to Amend" is denied.

Second, like his motion to amend of September 26, 2013, the motion to amend contained in Plaintiff's Objection (*see* Dkt. Nos. 33, 34) does not correct the pleading deficiencies previously identified by Magistrate Judge Peebles. (Dkt. Nos. 18, 32.) For example, Plaintiff merely submits seven pages of documents regarding the appraisal cost of his grandmother's automobile, and a one-page Commonwealth of Massachusetts Merit Rating Board Late Appeal Form. (Dkt. No. 34.) However, when considered together with his operative Complaint, those documents do not allege facts plausibly suggesting (1) that Defendants were acting under the color of state law when they engaged in the conduct forming the basis of Plaintiff's claims, (2) the state to which he is referring, (3) any statute, other that 42 U.S.C. § 1983, supporting his discrimination claim, (4) specifically how he relied on the alleged false statement by Defendants,

5

(5) specifically how he incurred damages apart from the damage to his grandmother's motor vehicle, (6) how Plaintiff has standing to assert a damage claim to recover costs to a third-party's vehicle, and (7) that Plaintiff prevailed in a lawsuit awarding money damages against the other driver. (Dkt. No. 18.)

Third, these seven pleading defects are also not corrected by Plaintiff's three-page "Letter Motion to Amend" of December 5, 2013. (Dkt. No. 35.) The Court reaches this conclusion regardless of whether it construes that motion in isolation or together with his other motions.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 32) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's "Emergency Motion to Amend" (Dkt. No. 29) is **DENIED**; and it is further

**ORDERED** that the motion to amend contained in Plaintiff's Objections (Dkt. Nos. 33, 34) is **DENIED**; and it is further

**ORDERED** that Plaintiff's "Letter Motion to Amend" (Dkt. No. 35) is **DENIED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** without leave to replead; and it is further

**ORDERED** that the Clerk of the Court is directed to enter judgment in favor of the Defendants and close this case.

Dated: December 11, 2013
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge